## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**PATRICK A. MALONE, ESQ.,**          :
Patrick Malone and Associates, P.C.   :
1310 L St. NW, Suite 800              :
Washington, D.C. 20005                :
                                      :
          **Plaintiff,**              :
                                      :
          **v.**                      :          **Case No._____**
                                      :
**U.S. DEPARTMENT OF HEALTH**         :
**AND HUMAN SERVICES,**               :
330 C St SW                           :
Washington, DC 20416                  :
                                      :
          **Defendant.**              :
                                      :

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, to
        compel the production of records concerning the January 22, 2018 death of Sang A. Park,
        a pedestrian who was struck and killed by an automobile while crossing a street on the
        campus of the National Institutes of Health ("NIH") campus in Bethesda, Maryland.

2.      This Court has jurisdiction over this action, and venue is appropriate, under  5 U.S.C.
        §552(a)(4)(B).

3.      Plaintiff Patrick A. Malone, Esq., is an attorney whose principal place of business is
        Patrick Malone and Associates, P.C., Washington, D.C., 1310 L St. NW, Suite 800,
        Washington, D.C. 20005.

4.      Plaintiff Patrick A. Malone, Esq. represents the parents of Sang A. Park, as well as the
        personal representative of her estate.

5.      Defendant U.S. Department of Health and Human Services operates the NIH.

6.      On January 22, 2018, a vehicle struck and killed Sang A. Park while she was crossing a
        street in a crosswalk on NIH's Bethesda, Maryland campus.

7.      Sang A. Park was taken by ambulance to nearby Suburban Hospital, where she died from internal injuries several hours after being hit by the vehicle on the NIH campus.

8.      The NIH Division of Police responded to the scene of the collision, and generated a report, presumably including, among other information: the name of the driver whose vehicle struck Sang A. Park, the exact location of the collision, and the circumstances surrounding the collision, including any witness statements about the collision.

9.      To date, the NIH has refused to produce this report, or any information surrounding the collision, including the name of the individual whose vehicle struck and killed Sang A. Park.

10.     On January 26, 2018, the plaintiff wrote to Alvin Hinton, Chief of the NIH Division of Police, by fax and by U.S. mail, (Ex. 1), requesting:

•   The identity and contact information for the driver whose vehicle struck Ms. Park, or the name and contact information of the driver's attorney if he has one;

•   A copy of any surveillance video that shows the event;

•   Names and contact information for any witnesses to the event.

•   Your full report of this event, and any preliminary report.

11.     On January 31, 2018, David W. Lankford, Deputy NIH Legal Advisor, wrote to the plaintiff indicating that the NIH would treat plaintiff's January 26, 2018 to Alvin Hinton as a FOIA request. (Ex. 2.)

12.     On April 10, 2018, the plaintiff spoke by phone with Gorka Garcia-Malene, the FOIA Officer for NIH. Mr. Garcia-Malene told the plaintiff that he believed disclosing the identity of the striking driver in the police report could potentially constitute an "unwarranted invasion of personal privacy," and thus would be exempt from disclosure under 5 U.S.C. §552(b)(6).

13.     On April 10, 2018, the plaintiff wrote a letter to Mr. Garcia-Malene, explaining why the personal privacy exemption under 5 U.S.C. §552(b)(6) would not apply to the disclosure of a police report which identified the person who struck and killed Ms. Park. (Ex. 3.)

14.     To date, the NIH has not produced any of the records or information requested by the plaintiff in his January 26, 2018 letter, nor has the NIH formally denied these requests or

claimed that any FOIA exemptions apply.

15.     5 U.S.C. §552(a)(6) requires an agency to:

(i)     determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of—

(I)     such determination and the reasons therefor . . . .

16.     To date, the NIH has not made any determination as required under 5 U.S.C. §552(a)(6), and more than 20 days have passed since the NIH received the plaintiff's initial FOIA request.

17.     The plaintiff has been unable to determine the name of the individual whose vehicle struck Sang A. Park, and does not have any way of obtaining this information other than through the NIH's compliance with his FOIA request and disclosure of this information. The NIH Division of Police has exclusive domain over motor vehicle collisions on the NIH campus, and so the plaintiff has no way of finding out this vital information without seeking it from the NIH.

18.     Without the name of the person whose vehicle struck and killed Sang A. Park, and other important information concerning the circumstances of this incident, Ms. Park's family and estate will be unable to pursue legal action related to her death.

19.     As the plaintiff indicated in his letter of April 10, 2018, (Ex. 3), even if the NIH had made a formal determination and had formally cited the exemption under 5 U.S.C. §552(b)(6), this exemption would not apply to a police report identifying the driver who struck and killed Ms. Park.

20.     Had this incident occurred outside the NIH's campus, in Montgomery County, Maryland, the plaintiff would already have obtained the police report generated regarding this incident, including the identity of the driver. Municipal police agencies typically respond to requests for police reports promptly and without redaction. No other police agency would withhold the identity of a driver who had killed someone on the grounds of protecting the driver's privacy, since the public's interest in accountability far outweighs any privacy interest of the driver.

21.     In addition, although not cited by the NIH FIOA officer as a grounds for withholding this

information, the exception for law enforcement records in 5 U.S.C. §552(b)(7) does not apply because the NIH has no active investigation ongoing into this incident.

22.   Plaintiff has a statutory right to the records requested in his January 26, 2018 letter (Ex. 1), and there is no legal basis for defendant's refusal to disclose them.

WHEREFORE, the plaintiff requests that this Court:

1)      Order defendant to make the requested records available to the plaintiff without any redactions;

2)      Award the plaintiff his costs and reasonable attorney's fees as provided by 5 U.S.C. § 552(a)(4)(E); and

3)      Grant such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Daniel C. Scialpi
Daniel C. Scialpi, Bar No. 997556
Patrick A. Malone, Bar No. 397142
PATRICK MALONE & ASSOCIATES, P.C.
1310 L St. NW, Suite 800
Washington, D.C. 20005
P:  202-742-1500
F:  202-742-1515
dscialpi@patrickmalonelaw.com

*Attorneys for the Plaintiff*